## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MANETIRONY CLERVRAIN,<br>FRANCIS COBBINA OSEI-FOSU,<br><br>    Plaintiffs,<br><br>v.<br><br>GEG TREAT, *et.al.*,<br><br>    Defendants. | Case No.21-CIV-365-RAW |

### OPINION AND ORDER

Before the court are the Plaintiffs' Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs [Docket Nos. 1 and 3].   Plaintiffs are both former federal prisoners who were detained at one time at the Moore Detention Center in Okmulgee, Oklahoma and are proceeding *pro se* in this matter.   The court construes liberally the pleadings of all *pro se* litigants.   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff Clervrain is a frequent filer in the federal court system having filed upwards of 100 cases throughout the United States, including more than 10 in this district, most of which have been dismissed as frivolous and/or as failing to state a claim upon which relief can be granted. *See* 28 U.S.C. §1915(e)(2)(i)(ii).   Co-Plaintiff Osei-Fosu has previously filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2141 (20-CIV-297-RAW, EDOK) which was dismissed for lack of jurisdiction based on mootness as Plaintiff Osei-Fosu had been removed from the United States back to Ghana as of September 2020.

In the instant Complaint for Violation of Civil Rights, the Plaintiffs have named approximately 116 Defendants [Docket No. 1].

Plaintiffs filed their Complaint against the Defendants, stating as follows:

> Thus, it is true that the defendants extensive conspiracy involved the violation of the Banking industry, or additional claims for ["Class One'] or Exclusion can be proving within this [Motion for Ant(s) Nationality Act"] ("TANA"), or they are additional claims for defendants justify controlling theory, indeed the motion is pending to file to the various courts against the giant involved exclusion to due process, or for them to justify why "the plaintiff can not open ["Credit cards"], or Bank Account after being convicted…

In the Complaint, Plaintiff cites numerous random federal statutes, regulations, and case law, as well as other judgments and orders from previous cases. The filings are generally indecipherable and impossible to decode having no connection to any cognizable legal claims and having no apparent connection to the 116+ individuals named as defendants.

Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

The court reviews the filings presented by Plaintiff pursuant to Section 1915 of the United States Code, Title 28, which states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal—
>
> **(i)** is frivolous or malicious;
>
> **(ii)** fails to state a claim on which relief may be granted; or
>
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994); however, "[A]lthough pro se litigants' filings are held to 'less stringent standards than formal pleadings drafted by lawyers," they are still subject to the federal rules of civil and appellate procedure." *Abdelsamed v. Colorado,* 6 F.App'x 771, 772 (10th Cir. 2001) (unpublished) (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (*per curiam*) (citing *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)).

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v.*

*Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction. . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a).   To be sufficient, the statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'"   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

In this case, the ceaseless flow of indecipherable claims generated by Plaintiffs, along with the scattershot method of designating defendants leaves the court mystified in attempting to sort out what Plaintiffs are asserting and against whom, as well as the relief sought and the basis for the court's jurisdiction.   The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed.

For the reasons set forth above this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii) as frivolous and it fails to state a claim on which relief may be granted and the application to proceed without prepaying fees or costs (*in*

4

*forma pauperis*) [Docket No. 3] is denied as moot.

IT IS SO ORDERED this 3rd day of May, 2022.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**